MR. JUSTICE CASTLES
(dissenting) :
I dissent. The fact statement in the majority opinion, is not complete. The complaint filed by the Commissioner of Labor sought payment of underpaid wages, a bond or a cessation of business. Defendants complied by settling the claims not represented by the Commissioner and by depositing in the district eourt the amounts due two casual employees neither party was able to find.
As to two claimants or employees, one was represented by the Commissioner after an assignment; the other merely asked the county attorney to represent her. As to these two- claimants, the defendants filed counterclaims. The validity and good faith of the counterclaims we should accept as true at this stage. Then and only then, did the Commissioner, without authority as to part of the claimants under the statute, assert liquidated damages.
Keep in mind here that we are being asked to accept jurisdiction by way of supervisory control. We accept jurisdiction but deny petitioners’ request for a supervisory writ and then go on to rule on the merits. We have ruled that there is no defense.
Montana statutes state plainly that the Commissioner shall take an assignment in trust. With the written consent of the assignor, he may settle or adjust. Then, it follows, under our statute, the beneficiary or claimant can settle for himself.
I dissent to the ruling as made here. The majority opinion has at least recognized that no penalties should apply. With this, I agree. I would grant the writ.